UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| Australasia Charterers Ltd. | * | |
|    Plaintiff, | * | **IN ADMIRALTY** |
| v. | * | C. A. 2:21-cv-00098 |
| Worldwide Bulk Shipping Pte Ltd., | * | |
|    Defendant, | * | **VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT** |
| and | * | |
| Worldwide Logistics Co. Ltd., | * | |
| Cargill, Incorporated, | * | |
|    Garnishees. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Australasia Charterers Ltd. ("Australasia") brings this action against Worldwide Bulk Shipping Pte Ltd. ("WBS") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

---

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Australasia further brings this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, 8 because it involves a maritime transaction (charter party) and Australasia hereby demands security for arbitration proceedings proceeding in London (the "London Arbitration"), pursuant to the charter party terms.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Australasia is a corporation organized under the laws of Malta and is disponent owner of the M/V NECKLACE, an ocean-going bulk cargo vessel (herein, the "Vessel").

5. WBS is a corporation organized under the laws of Singapore, and chartered the Vessel from Australasia ("Charterparty"). WBS has detailed herein wrongfully has failed or refused to pay Australasia as the Charterparty and related documents requires.

6. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Australasia reasonably believes holds accounts which are the property of and/or owing to WBS.

## Facts

7. By an agreement dated 10 February 2020, Australasia chartered Vessel to WBS

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 2

for one time charter trip from the East Coast of Australia to China laden with coal with an estimated duration of 20 to 25 days without guarantee. The Charterparty was amended and extended for a further time charter trip by Addendum No 1 concluded between Australasia and WBS dated 20 May 2020 (the "Addendum"), again for a voyage carrying coal loaded in East Coast Australia for discharge intention China.

8. The Vessel was delivered into WBS' service on 25 May 2020, and arrived at Abbot Point, Australia, for loading on 12 June 2020. Pursuant to WBS' instructions, on completion of the loading operation, the Vessel sailed for China on 14 June 2020 and arrived offshore Caofeidian, China, ready to commence discharge operations on 29 June 2020.

9. The Vessel at present continues to wait at Caofeidian for WBS' orders to proceed to a berth and discharge since that time until now, a total delay of some over 174 days. The Vessel has been in the possession of WBS, with WBS cargo, for over 246 days, which is at least 8 to 10 times the estimated voyage duration.

10. Despite numerous requests, WBS has (amongst other things) failed to provide Australasia with instructions for discharge at Caofeidian. Further, in light of the well-publicized steps taken by the Chinese authorities relative to the import of certain Australian commodities, including coal, the Vessel's berthing prospects at Caofeidian continue to be nonexistent.

11. WBS has breached the Charterparty in a number of ways, including the following:

12. WBS under the Charterparty contracted that, per Point 2 of the Addendum and at

Line 14 of the incorporated NYPE 1946 charter form (as amended and supplemented), that WBS would employ the vessel between ports and berths that were "always accessible" (abbreviated to "AA" in the Addendum). As the authorities demonstrate, this provision is breached regardless of the reason for the port's or berth's lack of accessibility. It is irrelevant whether the Vessel could not proceed to berth by reason of congestion, the decision of the port authorities not to permit discharge for reasons unrelated to the condition of the Vessel, adverse weather or physical obstruction. In this case, it is indisputable that the berths at Caofeidian have been and remain "inaccessible" within the meaning of the Charterparty and that therefore WBS is liable in damages for detention of the Vessel from her arrival at Caofeidian.

13.   WBS under the Charterparty contracted, set out at Point 2 of the Addendum and at Lines 13 to 15 and Line 24 of the incorporated NYPE 1946 form, that the cargo carried be "lawful" and "non dangerous," and that the Vessel be employed only in "carrying lawful merchandise." China government authorities forbid the discharge at Caofeidian and therefore the cargo is not lawful.

14.   WBS under the Charterparty contracted, set out at Point 2 of the Addendum and at Line 15 of the incorporated NYPE 1946 form, that the Vessel be traded only between safe ports and/or berths. Caofeidian is a port rendered unsafe by reason of delay.

15.   WBS is liable to Australasia for all loss and damage caused by the above breach(es) of Charterparty. Australasia currently estimates their current recoverable losses to be at least $3,934,964, including the following:

(a)   The difference between the market rate of hire and the Charterparty rate for the

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 4

period of delay, amounting currently to $1,750,782 (being 246 days at an average rate differential of $7,117) and continuing to accrue.

(b)     Hull cleaning and dry-docking to undertake holds cleaning and hull cleaning (in respect of which WBS are liable in any event by reason of Point 6 of the Addendum and Clause 99 of the incorporated NYPE 1946 proforma, as amended and supplemented), total, $1,910,732.70, specifically:

```
Shipyard cost: $ 926,000
Paints : $395,452.70
Loss of earnings : 40 days x $12,617 = $504,680
Bunkers for 40 days : HFO 60MT x $500 = $30,000
    MGO 105MT x $520 = $54,600.
```

(c)     Anchor issue invoice, $10,500;

(d )    Cost incurred due to the vessel's extended stay at Caofeidian, at least $15,000;

(e)     $78,729.40 in relation to tonnage dues payable to the Chinese authorities.  This is a sum in respect of which WBS are in any event liable, by reason of Clause 2 and/or the "Tax on earnings" provision at page 40 of the Charterparty, but which WBS refused to pay.  Australasia paid this sum under protest, without prejudice to their right to claim reimbursement from WBS, since it was not possible to obtain urgently required provisions for the crew without payment of these dues.

(f)     WBS under the Charterparty is required to provide bunker fuel to the Vessel. Despite receiving notice and/or requests to provide bunker fuel, they have failed to do so, in breach of the Charterparty.  Australasia has incurred costs of $92,600  in providing bunker fuel to the Vessel, which WBS in breach of the Chartparty has failed

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 5

to provide.  Australasia paid this sum under protest, without prejudice to their right to claim reimbursement from WBS, since it was not possible to obtain urgently required provisions for the crew and to provide bunker fuel to the Vessel without payment of these dues.

(h) Outstanding hire in the amount of $76,620.10 and continuing to accrue.

16. Further as detailed in the Charterparty, WBS is liable to pay interest on the above sums, as well as Australasia's costs, including but not limited to legal costs, incurred as a result of WBS' breach(es) of the Charterparty, which Australasia reasonably estimates to be at least one third of its claim, approximately $1,311,655.

### Count I – Breach of Maritime Contract

17. Australasia incorporates the above paragraphs as if fully set forth herein.

18. WBS breached its maritime contract with Australasia as set out above.  Despite repeated demand, Australasia remains unpaid.

19. Australasia therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

20. Australasia incorporates the above paragraphs as if specifically set forth herein.

21. Australasia seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

22. No security for Australasia's claims has been posted by WBS or anyone acting on its behalf to date.

23. WBS cannot be found within this District within the meaning of Rule B, but is

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 6

believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein.

## Prayer for Relief

WHEREFORE, Australasia prays:

A.      That in response to Count I, process of maritime attachment be issued to garnish and attach property of WBS in the amount of at least $5,246,619 and continuing to accrue as detailed above, in security of Australasia's claims asserted in the Charter arbitration commenced in London, upon that amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of WBS' tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Australasia's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 7

D.     That this Court award Australasia such other and further relief that this Court deems just and proper.

DATED this 26th day of Janaury, 2021.

| Le Gros Buchanan & Paul | SIMMS SHOWERS LLP |
|---|---|
| By:  /s/ Markus B.G. Oberg<br>Markus B.G. Oberg, WSBA #34914<br>Daniel J. Park, WSBA #43748<br>4025 Delridge Way SW, Suite 500<br>Seattle, WA 98106<br>Phone: (206) 623-4990<br>Fax:    (206) 467-4828<br>Email:  moberg@legros.com<br>Email:  dpark@legros.com | /s/ *J. Stephen Simms*<br>J. Stephen Simms (*pro hac vice* pending)<br>201 International Circle, Suite 230<br>Baltimore, Maryland 21030<br>Ph:  410-783-5795<br>Fax 410-510-1789<br>jssimms@simmsshowers.com |

Attorneys for Plaintiff Australasia Charterers Ltd.

### **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff.  Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 8

District, and of the Washington Department of Corporations. There is no record of any general or resident agent authorized to accept service of process for WBS in this District.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2021.

/s/ J. Stephen Simms
J. Stephen Simms

Verified Complaint with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 9