UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTRALASIA CHARTERERS LTD., | IN ADMIRALTY |
| Plaintiff, | CASE NO. C21-98 RSM |
| v. | ORDER ON PENDING MOTIONS |
| WORLDWIDE BULK SHIPPING PTE LTD., | |
| Defendant | |
| and | |
| WORLDWIDE LOGISTICS CO. LTD., | |
| CARGILL, INCORPORATED, | |
| Garnishees. | |

This matter is before the Court on Plaintiff's motion requesting that the Court authorize issuance of "Supplemental Rule B Process of Maritime Attachment and Garnishment ("Writs") to Worldwide Logistics Co. Ltd. and Cargill, Incorporated ("Garnishees")."  Dkt. #2 at 1–2 (the "Writs Motion").  Plaintiff has also filed a motion requesting that the Court appoint an individual to serve process in this matter.  Dkt. #3 (the "Appointment Motion").  Having reviewed the Writs Motion, the Court finds the record inadequate to support the requested relief and denies the

ORDER – 1

motion without prejudice.  Because the Court denies the Writs Motion, it denies the Appointment Motion as moot.

The underlying dispute in this action arises from Defendant Worldwide Bulk Shipping Pte Ltd. ("WBS") chartering a vessel owned by Plaintiff Australasia Charterers Ltd. to move coal from the East Coast of Australia to China.  Dkt. #1 at ¶ 6.  The parties initially anticipated that the voyage would take 20-25 days.  *Id.* at ¶ 7.  WBS took possession of the vessel, loaded it with coal, and made the voyage from Australia and arrived offshore of "Caofeidian, China, ready to discharge operations on" June 29, 2020.  *Id.* at ¶ 8.  However, the vessel has remained idle since without a berth to offload the coal, a state that is likely to continue as China has halted the import of coal from Australia.  *Id.* at ¶¶ 9–10.  Plaintiff alleges that WBS's continued possession of the vessel violates their charter agreement in several regards and seeks a recovery of $5,246,619.  Dkt. #1 at p.7 (Prayer for Relief).  The parties appear to have entered into arbitration in London and Plaintiff seeks attachment to property as security for its claims in arbitration.  *Id.*

Supplemental Admiralty and Maritime Claims Rule B of the Federal Rules of Civil Procedure permits a party to seek "process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." Fed. R. Civ. P. Supp. AMC Rule B.  A Rule B writ should issue where "(1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment."  *Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *overruled on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 61 (2d Cir. 2009) (mini en banc)); Fed. R. Civ. P., Supp. R. B).

ORDER – 2

Here, Plaintiff's Verified Complaint appears to establish Plaintiff's prima facie claim against WBS and that WBS cannot be found within the district.  Further, Plaintiff's Verified Complaint and Writs Motion do not reveal any statutory or maritime law bar to attachment. However, Plaintiff does not establish that WBS's property can be found within the district or that it can be found in the possession of the Garnishees.

Plaintiff seeks, generically, to attach to "the property of Defendant [WBS] that is found in this District."  Dkt. #2 at 2; *see also* Dkt. #1 at p.7 (seeking attachment to "all of WBS' tangible and intangible property or any other funds held by any garnishee").  But Plaintiff does not ever identify WBS's property with any specificity and does not plead additional facts to establish that WBS's property plausibly resides with Garnishees.[1]  Rather, Plaintiff merely asserts that its Verified Complaint sets "out enough facts to state a claim to relief that is plausible on its face and that Garnishees hold property of Defendant within the meaning of Supplemental Rule B. . . . [and that the] Writs filed herewith name entities that, on information and belief, do business with and/or are affiliates and/or subsidiaries of WBS."  Dkt. #2 at 3.  But Plaintiff's claims do not find support in its Verified Complaint.

Plaintiff's Verified Complaint begins by identifying Garnishees as "entities with officers or agents located in this District which, on information and belief as detailed below, Australasia reasonably believes holds accounts which are the property of and/or owing to WBS."  Dkt. #1 at ¶ 6.  But the Verified Complaint never fulfills Plaintiff's promise of additional details.  Rather, Plaintiff relies on vague allegations formed on its information and belief.  Plaintiff's information and belief may make its claims possible, but Plaintiff does not plead any additional facts to

---

[1] At best, Plaintiff seeks to attach "Defendant's property, including accounts payable due to WBS from the Garnishees, and any other funds/property maintained by the Garnishees for the benefit of WBS."  Dkt. #2 at 5.

ORDER – 3

establish that its allegations are plausible—and therefore actionable. *See* Dkt. #1 at ¶ 23 (WBS not found within District, "but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein."). The Court finds Plaintiff's unadorned and speculative "information and belief allegations" to be insufficient to satisfy its burden of establishing a plausible right to maritime attachment with regard to the Garnishees.

Accordingly, and having reviewed the motions and the remainder of the record in this matter, the Court finds and ORDERS that Plaintiff's Motion and Memorandum for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment (Dkt. #2) is DENIED without prejudice to refiling. Additionally, the Court finds and ORDERS that Plaintiff's Motion and Memorandum for Appointment for Service of Process of Maritime Attachment and Garnishment (Dkt. #3) is DENIED, without prejudice, as moot.

Dated this 28th day of January, 2021.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4