UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| Australasia Charterers Ltd. | * | |
|    Plaintiff, | * | **IN ADMIRALTY** |
| v. | * | C. A. 2:21-cv-00098-RSM |
| Worldwide Bulk Shipping Pte Ltd., | * | **FIRST AMENDED,** |
|    Defendant, | * | **VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF PROCESS OF MARITIME ATTACHMENT AND** |
| and | * | **GARNISHMENT** |
| Worldwide Logistics Co. Ltd., | * | |
| Cargill, Incorporated, | * | |
|    Garnishees. | * | |
| * * * * * * * * * * * * | | |

Australasia Charterers Ltd. ("Australasia") files this first amended complaint, brings this action against Worldwide Bulk Shipping Pte Ltd. ("WBS") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

---

First Amended Verified Complaint
with Request for Issue of Process of Maritime
Attachment and Garnishment

**Le Gros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 1

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Australasia further brings this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, 8 because it involves a maritime transaction (charter party) and Australasia hereby demands security for arbitration proceedings proceeding in London (the "London Arbitration"), pursuant to the charter party terms.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Australasia is a corporation organized under the laws of Malta and is disponent owner of the M/V NECKLACE, an ocean-going bulk cargo vessel (herein, the "Vessel").

5. WBS is a corporation organized under the laws of Singapore, and chartered the Vessel from Australasia ("Charterparty"). WBS' website – http://www.wwbulk.com/en/ - **Exhibit A hereto** - describes WBS as follows:

> WORLDWIDE BULK (WWBULK) is a dynamic shipping & trading company engaging in the international dry bulk raw materials transportation and trading solutions. With office registered and operating in Singapore, WWBULK (or WORLDWIDE BULK) **is an affiliated member of WORLDWIDE LOGISTICS GROUP, SHANGHAI**, and acting as the group's dry bulk shipping arm.
>
> * * *
>
> WORLDWIDE BULK (WWBULK) is a freight service provider in the dry bulk (raw

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 2

materials) international shipping sector that not only on single voyage, but also on medium and long terms of contracts.  WWBULK (or WORLDWIDE BULK) is dedicated to provide comprehensive, diversified and specialized bulk shipping and trading services **for the clients on the international basis**.

A further description of WBS is a part of the Worldwide Logistics Group presentation, which is **Exhibit B hereto**.

6. WBS as detailed herein wrongfully has failed or refused to pay Australasia as the Charterparty and related documents requires.

7. Garnishees Worldwide Logistics Co. Ltd. and Cargill, Incorporated each are entities with offices or agents located in this District which, on information and belief as detailed immediately below, Australasia reasonably believes holds accounts which are the property of and/or owing to WBS.

**Specific Allegations As to the Garnishees**

**Worldwide Logistics Co. Ltd.**

8. Worldwide Logistics Co. Ltd. is the freight forwarding affiliate of WBS, both of which are owned by Worldwide Logistics Group, Shanghai.  As the freight forwarding arm of Worldwide Logistics Group, Shanghai, garnishee Worldwide Logistics Co. Ltd. arranges for ocean freight transported by the Worldwide Logistics Group, Shanghai.  WBS is the break bulk ocean cargo transportation company within the Worldwide Logistics Group, Shanghai.  As the freight forwarding arm of Worldwide Logistics Group, Shanghai, garnishee Worldwide Logistics Co. Ltd. therefore as a matter of customary international cargo operations, would arrange for cargo to be carried aboard vessels chartered by WBS.  Garnishee Worldwide Logistics Co. Ltd. therefore by information and belief owes accounts to WBS.

9. A presentation of the Worldwide Logistics Group, Shanghai showing the affiliation

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 3

of garnishee Worldwide Logistics Co. Ltd. to defendant WBS is **Exhibit C hereto**.

10. Because of the relationship of Worldwide Logistics Co. Ltd. to WBS, namely, Worldwide Logistics Co. Ltd. responsible for booking freight aboard vessels, and, WBS the vessel-operating arm of the overall parent of the two, Worldwide Logistics Group, Shanghai, plaintiff Australasia reasonably believes that Worldwide Logistics Co. Ltd. owes accounts to WBS.

11. Worldwide Logistics Co. Ltd. has an agent in this District who can be served with the maritime garnishment writ for Worldwide Logistics Co. Ltd., **Exhibit D hereto**, and therefore, is present in this District. Because Worldwide Logistics Co. Ltd. is present in this District through its agent, the accounts payable which plaintiff reasonably believes are owed to WBS, also are present in this District and subject to garnishment by service of the maritime garnishment writ on the agent for garnishee Worldwide Logistics Co. Ltd.

### Cargill, Incorporated

12. Cargill, Incorporated is a customer of WBS for break bulk Ocean Cargo. **Exhibit B hereto** is a presentation by Worldwide Logistics Group, Shanghai detailing the operations of its subsidiary, WBS ( at page 3). The presentation presents Cargill, Incorporated as a customer of WBS sufficiently significant to be named in the presentation, along with three other customers. Through this presentation naming Cargill, Incorporated as a WBS customer, Cargill, Incorporated by information and belief owes accounts to WBS.

13. Further attached is **Exhibit E**, which shows the importation into China of various bulk commodities, by vessels chartered by garnishee Cargill, Incorporated. WBS is a major carrier of bulk commodities into China.

14. Cargill, Incorporated has an agent in this District who can be served with the

First Amended Verified Complaint
with Request                                         **LeGros Buchanan & Paul**
for Issue of Process of Maritime                     4025 Delridge Way SW, Suite 500
Attachment and Garnishment                           Seattle, WA 98106

maritime garnishment writ for Worldwide Logistics Co. Ltd., **Exhibit F hereto**, and therefore, is present in this District.  Because Cargill, Incorporated is present in this District through its agent, the accounts payable which plaintiff reasonably believes are owed to WBS, also are present in this District and subject to garnishment by service of the maritime garnishment writ on the agent for garnishee Cargill, Incorporated.

### Facts

15. By an agreement dated 10 February 2020, Australasia chartered Vessel to WBS for one time charter trip from the East Coast of Australia to China laden with coal with an estimated duration of 20 to 25 days without guarantee.  The Charterparty was amended and extended for a further time charter trip by Addendum No 1 concluded between Australasia and WBS dated 20 May 2020 (the "Addendum"), again for a voyage carrying coal loaded in East Coast Australia for discharge intention China.

16. The Vessel was delivered into WBS' service on 25 May 2020, and arrived at Abbot Point, Australia, for loading on 12 June 2020.  Pursuant to WBS' instructions, on completion of the loading operation, the Vessel sailed for China on 14 June 2020 and arrived offshore Caofeidian, China, ready to commence discharge operations on 29 June 2020.

17. The Vessel at present continues to wait at Caofeidian for WBS' orders to proceed to a berth and discharge since that time until now, a total delay of some over 226 days.  The Vessel has been in the possession of WBS, with WBS cargo, for over 261 days, which is over 10 times the estimated voyage duration.

18. Despite numerous requests, WBS has (amongst other things) failed to provide

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 5

Australasia with instructions for discharge at Caofeidian. Further, in light of the well-publicized steps taken by the Chinese authorities relative to the import of certain Australian commodities, including coal, the Vessel's berthing prospects at Caofeidian continue to be nonexistent.

19. WBS has breached the Charterparty in a number of ways, including the following:

20. WBS under the Charterparty contracted that, per Point 2 of the Addendum and at Line 14 of the incorporated NYPE 1946 charter form (as amended and supplemented), that WBS would employ the vessel between ports and berths that were "always accessible" (abbreviated to "AA" in the Addendum). As the authorities demonstrate, this provision is breached regardless of the reason for the port's or berth's lack of accessibility. It is irrelevant whether the Vessel could not proceed to berth by reason of congestion, the decision of the port authorities not to permit discharge for reasons unrelated to the condition of the Vessel, adverse weather or physical obstruction. In this case, it is indisputable that the berths at Caofeidian have been and remain "inaccessible" within the meaning of the Charterparty and that therefore WBS is liable in damages for detention of the Vessel from her arrival at Caofeidian.

21. WBS under the Charterparty contracted, set out at Point 2 of the Addendum and at Lines 13 to 15 and Line 24 of the incorporated NYPE 1946 form, that the cargo carried be "lawful" and "non dangerous," and that the Vessel be employed only in "carrying lawful merchandise." China government authorities forbid the discharge at Caofeidian and therefore the cargo is not lawful.

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 6

22. WBS under the Charterparty contracted, set out at Point 2 of the Addendum and at Line 14 of the incorporated NYPE 1946 form, that the Vessel be traded only between safe ports and/or berths. Caofeidian is a port rendered unsafe by reason of delay.

23. WBS is liable to Australasia for all loss and damage caused by the above breach(es) of Charterparty. Australasia currently estimates their current recoverable losses to be at least the following:

(a) The difference between the market rate of hire and the Charterparty rate for the period of delay, amounting currently to $1,608,442 (being at least 226 days at an average rate differential of $7,117) and continuing to accrue.

(b) Hull cleaning and dry-docking to undertake holds cleaning and hull cleaning (in respect of which WBS are liable in any event by reason of Point 6 of the Addendum and Clause 99 of the incorporated NYPE 1946 *proforma*, as amended and supplemented), total, $1,910,732.70, specifically:

> Shipyard cost: $ 926,000
> Paints : $395,452.70
> Loss of earnings : 40 days x $12,617 = $504,680
> Bunkers for 40 days : HFO 60MT x $500 = $30,000
>     MGO 105MT x $520 = $54,600.

(c) Anchor issue invoice, $10,500;

(d) Cost incurred due to the vessel's extended stay at Caofeidian, at least $15,000;

(e) $78,729.40 in relation to tonnage dues payable to the Chinese authorities. This is a sum in respect of which WBS are in any event liable, by reason of Clause 2 and/or the "Tax on earnings" provision at page 40 of the Charterparty, but which

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 7

WBS refused to pay.  Australasia paid this sum under protest, without prejudice to their right to claim reimbursement from WBS, since it was not possible to obtain urgently required provisions for the crew and to provide bunker fuel to the Vessel without payment of these dues.

(f) WBS under the Charterparty is required to provide bunker fuel to the Vessel. Despite receiving notice and/or requests to provide bunker fuel, they have failed to do so, in breach of the Charterparty.  Australasia has incurred costs of $92,600 in providing bunker fuel to the Vessel, which WBS in breach of the Charterparty has failed to provide.  Australasia paid this sum under protest, without prejudice to their right to claim reimbursement from WBS.

(g) Outstanding hire in the amount of $153,240.20 and continuing to accrue.

(h) Value of bunkers that should be on board at the time of redelivery of the vessel $682,500.

24. Further as detailed in the Charterparty, WBS is liable to pay interest on the above sums, as well as Australasia's costs, including but not limited to legal costs, incurred as a result of WBS' breach(es) of the Charterparty, which Australasia reasonably estimates to be at least one third of its claim, approximately $1,517,248.10.

## Count I – Breach of Maritime Contract

25. Australasia incorporates the above paragraphs as if fully set forth herein.

26. WBS breached its maritime contract with Australasia as set out above.  Despite repeated demand, Australasia remains unpaid.

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 8

27. Australasia therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

28. Australasia incorporates the above paragraphs as if specifically set forth herein.

29. Australasia seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

30. No security for Australasia's claims has been posted by WBS or anyone acting on its behalf to date.

31. WBS cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein.

### Prayer for Relief

WHEREFORE, Australasia prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of WBS in the amount of at least **$6,068,992.40** and continuing to accrue as detailed above, in security of Australasia's claims asserted in the Charter arbitration commenced in London, upon that amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of WBS'

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 9

tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Australasia's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.     That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

      D.     That this Court award Australasia such other and further relief that this Court deems just and proper.

DATED this 17th day of February, 2021.

| **Le Gros Buchanan & Paul** | **SIMMS SHOWERS LLP** |
|---|---|
| By: /s/ Daniel J. Park<br>Markus B.G. Oberg, WSBA #34914<br>Daniel J. Park, WSBA #43748<br>4025 Delridge Way SW, Suite 500<br>Seattle, WA 98106<br>Phone: (206) 623-4990<br>Fax:   (206) 467-4828<br>Email:  moberg@legros.com<br>Email:  dpark@legros.com | /s/ J. Stephen Simms<br>J. Stephen Simms (*pro hac vice*)<br>201 International Circle, Suite 230<br>Baltimore, Maryland 21030<br>Ph:  410-783-5795<br>Fax 410-510-1789<br>jssimms@simmsshowers.com |

Attorneys for Plaintiff Australasia Charterers Ltd.

---

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing amended complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Washington Department of Corporations. There is no record of any general or resident agent authorized to accept service of process for WBS in this District.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2021.

/s/ J. Stephen Simms
J. Stephen Simms

First Amended Verified Complaint
with Request
for Issue of Process of Maritime
Attachment and Garnishment

**LeGros Buchanan & Paul**
4025 Delridge Way SW, Suite 500
Seattle, WA 98106

Page 11