1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTRALASIA CHARTERERS LTD., | IN ADMIRALTY |
| Plaintiff, | CASE NO. C21-98 RSM |
| v. | ORDER |
| WORLDWIDE BULK SHIPPING PTE LTD., | |
| Defendant, | |
| and | |
| WORLDWIDE LOGISTICS CO. LTD., CARGILL, INCORPORATED, | |
| Garnishees. | |

This matter is before the Court on Plaintiff's Renewed Motion and Supporting Memorandum for Issue of Process of Maritime Attachment and Garnishment. Dkt. #15. The Court previously denied Plaintiff's motion seeking the issuance of writs of attachment and garnishment because Plaintiff failed to establish that the garnishees possessed property belonging to Defendant. Dkt. #10. Plaintiff has filed an amended, verified complaint, Dkt. #14, and maintains that the additional allegations have cured the deficiencies previously identified by the Court. Dkt. #15. Having reviewed the matter, the Court agrees and grants the motion in part.

ORDER – 1

The Court set forth the relevant background and legal standard in its previous order:

> The underlying dispute in this action arises from Defendant Worldwide Bulk Shipping Pte Ltd. ("WBS") chartering a vessel owned by Plaintiff Australasia Charterers Ltd. to move coal from the East Coast of Australia to China. Dkt. #1 at ¶ 6. The parties initially anticipated that the voyage would take 20-25 days. *Id.* at ¶ 7. WBS took possession of the vessel, loaded it with coal, and made the voyage from Australia and arrived offshore of "Caofeidian, China, ready to discharge operations on" June 29, 2020. *Id.* at ¶ 8. However, the vessel has remained idle since without a berth to offload the coal, a state that is likely to continue as China has halted the import of coal from Australia. *Id.* at ¶¶ 9–10. Plaintiff alleges that WBS's continued possession of the vessel violates their charter agreement in several regards and seeks a recovery of $5,246,619. Dkt. #1 at p.7 (Prayer for Relief). The parties appear to have entered into arbitration in London and Plaintiff seeks attachment to property as security for its claims in arbitration. *Id.*

> [Rule B of the Federal Rule of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions] permits a party to seek "process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." FED. R. CIV. P. SUPP. AMC Rule B. A Rule B writ should issue where "(1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *overruled on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 61 (2d Cir. 2009) (mini en banc)); FED. R. CIV. P., Supp. R. B).

Dkt. #10 at 2.

As the Court previously found, Plaintiff has stated a prima facie admiralty claim, established that Defendant cannot be found within the district, and has not identified any statutory or maritime law bar to the attachment. *Id.* at 3. Here, in order to satisfy the third element, Plaintiff has added allegations establishing that Cargill Incorporated ("Cargill") maintains operations, and presumably agents, in the District and that Worldwide Logistics Co. Ltd. ("Worldwide Logistics") has an agent within the District. Dkt. #14 at ¶ 14, 11. Further, Plaintiff establishes each entity's business relationship with Defendant. Plaintiff alleges that Cargill is a

ORDER – 2

significant customer of Defendant's, and that Defendant aids Cargill in moving "bulk commodities into China." *Id.* at 12–13.  As to Worldwide Logistics, Plaintiff alleges that it is affiliated with Defendant in the Worldwide Logistics Group and that Worldwide Logistics serves as a freight forwarding affiliate for Defendant, arranging for bulk cargo to be transferred by Defendant.  *Id.* at ¶¶ 8–9.  Utilizing Defendant's services, Plaintiff plausibly alleges that each entity holds accounts owing to Defendant.  *Id.* at ¶¶ 11, 14.  The allegations of the amended, verified complaint are sufficient at this stage to approve issue of process.

The Court does, however, wish to clarify that substantial questions remain as to Plaintiff's allegations, but that the Court finds it inappropriate to address those questions at this time. Plaintiff's allegations may stop short of establishing that it may attach to Defendant's property held by Worldwide Logistics within this District.  Worldwide Logistics does not appear to be registered to conduct business within Washington.  *C.f.* Dkt. #14-6 (Plaintiff providing proof that Cargill is registered to conduct business in Washington).  Rather, Plaintiff relies on the presence of a Worldwide Logistics agent located within the District.  Dkt. #14 at ¶ 11.  But Plaintiff provides only a LinkedIn profile for the individual, indicating that she works as Worldwide Logistics' "U.S. Representative" and "set[s] up prospective U.S. Agent Partners" and "[o]versee[s] the US support center to support WWL agents to ensure they get the best rates and that accounts are onboard[ed] smoothly."  Dkt. #14-4.

The Court holds some trepidation as to whether process can be served upon such an agent and whether Worldwide Logistics' accounts can truly be said to exist within the District. However, the Court notes that its authorization of process under Rule B does not extend to such inquiries and that those issues may be properly addressed in the context of a possible motion to vacate attachment under Rule E(4)(f) or an action for wrongful attachment.  Further, Plaintiff is specifically not required to specify all possible garnishees in seeking authorization for issuance

of process.  Rule B(1)(a)–(b) (judicial review authorizes issuance of process of attachment and garnishment and thereafter clerk may issue supplemental process as to other of defendant's property within the district).  Accordingly, the Court relies primarily on Plaintiff's more straight-forward allegations establishing that Cargill plausibly possesses accounts owing to Defendant within this District.

Lastly, the Court grants Plaintiff's motion only in part.  Plaintiff seeks an order providing that process of maritime attachment and garnishment may be served via "facsimile transmission or other verifiable electronic means, including e-mail, to the garnishee."  Dkt. #15-5 at 3.  Plaintiff does not provide authority supporting the request for alternative service and the Court does not find a deviation from the normal expectations associated with "service" to be appropriate.  *See Nueva Seas AS v. USD 179,092 by Truist Bank*, Case No. 20-cv-3495 (RCL), 2020 WL 7078823, at *1 (D.D.C. Dec. 3, 2020).

Accordingly, and having considered Plaintiff's motion and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Renewed Motion and Supporting Memorandum for Issue of Process of Maritime Attachment and Garnishment (Dkt. #15) is GRANTED in part.

2. The Clerk of this Court is AUTHORIZED to issue Process of Maritime Attachment and Garnishment against all assets, bunkers, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at Garnishees, said Order being equally applicable with respect to the issuance

ORDER – 4

and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this district not named herein, in an amount up to and including the amount prayed for in the First Amended Verified Complaint and any amendment thereto, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3.  Any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the garnishment should not be vacated or other relief granted.

4.  Supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court.

5.  Service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day.

6.  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

7.  A copy of this Order shall be attached to and served with the Process of Maritime Attachment and Garnishment.

//

//

//

//

//

//

ORDER – 5

8.  To afford an opportunity for an expeditious hearing of any objections which might be raised by Defendant, or any garnishee, a hearing may be set by calling Courtroom Clerk Laurie Cuaresma at (206) 370-8521.

DATED this 8th day of March, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6